■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDREW S. WILLIAMS, Appellant.— Judgment of the Supreme Court, Kings County, rendered July 31, 1968, affirmed. No opinion. Beldock, P. J., Christ, Brennan and Rabin, JJ., concur; Hopkins, J., concurs with the following memorandum: Defendant was convicted of robbery in the third degree and assault in the second degree. At the trial he testified in his own defense and denied that he had committed the crimes. The complainant identified defendant as the robber and further testified that shortly after the occurrence defendant was stopped from leaving the apartment house where the robbery had taken place. The money taken from the complainant was not found on defendant. The jury, it is clear, was concerned over the failure to account for the missing money and did not reach a verdict until the day following the submission of the case to it. While on the stand, defendant was asked under cross-examination whether he had told anyone that he had seen a Steven Kelly commit the robbery and he answered, over objection, that he had told an Assistant District Attorney in the House of Detention that Steven Kelly "used to rob people around when I used to live in Brownsville and ambush them" and that Kelly had a reputation of being a mugger. None of this testimony had been referred to by defendant on his direct examination. Defendant now argues, first, that the prosecution's taking of a statement from him after his detention violated his right to have counsel present (cf. *People* v. *Arthur*, 22 N Y 2d 325, 329), and second, that a cross-examination based on the statement was prejudicial, in light of the fact that the statement did not contradict anything to which he had testified on direct examination. The last objection now appears groundless (*People* v. *Harris*, 25 N Y

2d 175). The first objection, though couched in terms which correctly reflect the rule, does not have support in the record. Defendant did not urge at the trial that the making of his statement occurred under circumstances which rendered it a violation of his constitutional rights. Nor does the record show the circumstances under which the statement was made. It might have been a spontaneous utterance (cf. *People* v. *Torres,* 21 N Y 2d 49, 54), or made in the presence of counsel, or with the presence of counsel waived. We cannot speculate to erect facts upon which to determine constitutional rights. Hence, I find no viable claim for the assignment of error based on the rule.